[Civ. No. 5023. First Appellate District, Division One.—April 9, 1926.]

## CALIFORNIA CREDIT AND COLLECTION CORPORATION (a Corporation), Respondent, v. GOMES BERNARDINI, Appellant.

[1] Fraud—False Representations—Evidence.—In order that representations may warrant relief in any case they must be false.

[2] Id.—Sale of Corporate Stock—Financial Condition of Corporation—Evidence.—In an action by the assignee of a promissory note executed by defendant to a packing company as payment for the balance of the purchase price of corporate stock sold to him by the company, payment of which was resisted by defendant on the ground that its execution had been obtained through fraudulent representations, made to him by the representative of the company at the time the stock was purchased, that the company was doing a large and profitable business, and that its stock was paying big dividends, evidence as to the financial condition of the company following the making of such representations was too remote to prove their falsity.

[3] Id.—False Representations—Evidence—Findings.—In such action, the evidence was insufficient to warrant the appellate court in nullifying the finding of the trial court to the effect that the defendant failed to prove the falsity of said representations.

---

(1) 14 C. J., p. 603, n. 74; 26 C. J., p. 1099, n. 44. (2) 14 C. J., p. 663, n. 96; 27 C. J., p. 69, n. 30. (3) 4 C. J., p. 876, n. 78, p. 877, n. 80.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. F. Lacey for Appellant.

J. R. Cunnyngham, C. C. Baker and Daly B. Robnett for Respondent.

KNIGHT, J.—The defendant Gomes Bernardini has taken this appeal from an adverse judgment in an action brought against him by the plaintiff California Credit and Collection

---

1. See 12 Cal. Jur. 743; 12 R. C. L. 301.

Corporation upon an assigned promissory note dated May 4, 1920, for the principal sum of $750 given by him to plaintiff's assignor, Virden Packing Company, as payment for the balance of the purchase price of corporate stock issued and sold to him by said Virden Packing Company.

Appellant resisted payment of the note upon the ground that its execution had been obtained through fraudulent representations made to him by the representative of said packing company at the time the stock was purchased. Those representations, as they are set forth in the answer, were as follows: that "said Virden Packing Company was doing a large and profitable business and that the actual value and the market value of its capital stock was $100 per share, and it would soon thereafter be worth $125 per share and was paying big dividends." It was further alleged that said representations were false; that at the time the same were made neither the actual nor the market value of the capital stock of said packing company exceeded $65 a share and that the prospective value did not exceed $40 a share. The trial court found that said representations were made to appellant as claimed, but further found that the same were not made with the intent to cheat and defraud, and that the same were not false.

Much of the argument presented on the appeal has been devoted to the question of whether or not the representations, if false, are sufficient in law to relieve appellant from the payment of said note. Assuming appellant's contention with respect to that question to be supported by the authorities cited by him, he is still confronted with the finding of the trial court that said representations were not proved to be false.

[1] In order that representations may warrant relief in any case they must, of course, be false. (12 Cal. Jur. 743, citing cases.) The entire proof pertaining to this issue, as it is set forth in the bill of exceptions upon which the appeal has been taken, consists first of a stipulation reading as follows: "It was here stipulated by the parties that the only dividends declared upon the capital stock of the Virden Packing Company from *May 4th, 1920, to the time of the trial,* was a dividend of $2.00 per share declared on this stock in March, 1922, and a like dividend of $2.00 per share declared on January 25, 1923, and each credited on the de-

fendant's note'' (italics ours) ; secondly, the introduction
in evidence by appellant over respondent's objections of
three newspapers containing the San Francisco stock market
reports. One of the newspapers introduced was of an issue
of October 15, 1921, more than a year and a half subsequent
to the sale of the stock; the other two were of later issues,
dated respectively December 15 and December 17, 1923. It
appeared therefrom that on the dates mentioned Virden
Packing Company stock was classed among the ''Unlisted
Securities'' at buying and selling prices of \$25 and \$29 a
share.

[2] It will be observed that while the representations re-
garding the financial condition of said company, namely,
that said packing company *was* doing a large and profitable
business, and that its stock *was* paying big dividends,
obviously related to the company's affairs as they existed
prior to and at the time said representations were made,
the period of time covered by the proof adduced by appel-
lant to prove their falseness was limited to the three years
following the making of said representations. The evidence
offered was therefore too remote in point of time to be effec-
tive for the purpose for which it was intended. In this
connection it may be stated that appellant testified that the
company's salesman promised ''to give a big dividend in a
short time''; but such representation, if not amounting to
a matter of mere opinion, related to a dividend to be de-
clared in the future, and was not one of those pleaded by
him or upon which he claims to have relied in entering into
the transaction for the purchase of the stock. In reference
to the question of the falseness of the representations as to
the value of the stock, appellant claims that the record shows
that the stock was not being bought or sold or even quoted
in the market at the time this transaction took place. We
have been unable to find the evidence referred to, but, as-
suming that there was evidence introduced from which that
fact was fairly deducible, it cannot be said that the terms
''actual value'' and ''market value'' as employed in said
representations meant necessarily that the stock was listed
for sale at the prices mentioned or at all in the stock ex-
change. There was no evidence offered whatever to show
the condition of the company's affairs or the value of said
stock in the open market prior to or at the time of the

making of such representations, or the actual value of said stock at any time. **[3]** We are not prepared to say, therefore, that the evidence is legally sufficient to warrant this court in nullifying the finding of the trial court to the effect that appellant failed to prove the falseness of said representations. The recent case of *California Credit etc. Corp.* v. *Randall,* 76 Cal. App. 321 [244 Pac. 958], to which appellant calls attention, is clearly distinguishable from the instant one. There the representation alleged and proved was "that said stock . . . was *then paying* twelve per cent. dividends" (italics ours), and the evidence offered by the defendant established the falsity of that representation. In the case before us there was no such representation alleged or proved.

For the foregoing reasons the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.